IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **JENNA HUNTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: 5:23-cv-111-BJB |
| v. | ) |
| | ) **JURY DEMAND** |
| **OAK GROVE GAMING AND RACING, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Jenna Hunter, by and through her undersigned counsel, and, for her Complaint, states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Ms. Hunter is a resident of Clarksville, Montgomery County, Tennessee who was, at all relevant times, employed by Defendant Oak Grove Gaming and Racing, LLC in Oak Grove, Christian County, Kentucky.

3. Defendant Oak Grove Gaming and Racing, LLC is a Delaware limited liability company with its principal office located at 600 North Hurstbourne Parkway, Suite 400, Louisville, KY 40222. Its registered agent for service of process is CT Corporation System, which may be served at 306 West Main Street, Suite 512, Frankfort, KY 40601.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Hunter's federal claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Ms. Hunter's state-law claim pursuant to 28 U.S.C. § 1367(a)

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Hunter in Christian County, Kentucky, which is located within this judicial district.

6. Ms. Hunter filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to her Title VII claim set forth below, a copy of which is attached hereto as Exhibit A. Ms. Gray received a Notice of Right to Sue from the EEOC with respect to her Title VII claim along with an email from the EEOC explaining the delayed transmission of the Notice less than ninety days prior to the filing of this Complaint, copies of which are attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Ms. Hunter is an experienced worker and manager in the restaurant and hospitality industry.

8. Defendant operates a casino property in Oak Grove, Kentucky that includes restaurants and a hotel.

9. Defendant hired Ms. Hunter in or about July 2021 as the Food and Beverage Manager at its Garrison Oaks Steakhouse restaurant.

10. Ms. Hunter's job was to oversee all front-of-house operations involving service of food to customers.

11. Ms. Hunter held equal status within the organization to the Executive Chef, who oversaw kitchen operations.

12. Ms. Hunter had excellent performance reviews, and she was not subjected to any discipline prior to the termination of her employment.

13. The only workplace issue addressed with Ms. Hunter occurred on or about September 22, 2022 when Ms. Hunter addressed an angry busboy who threw a tub of dishes, causing the dishes to break and throw glass shards around the floor.

14. Ms. Hunter grabbed the busboy's arm in a non-aggressive manner to get his attention and told him to go home if he could not calm down.

15. Ms. Hunter was on vacation for three days after the incident but, upon her return, she was called to a meeting in which Human Resources falsely claimed that Ms. Hunter had been angry and out of control.

16. Defendant then terminated Ms. Hunter on October 6, 2022 for allegedly violating the workplace violence policy.

17. Defendant's Executive Chef, however, had engaged in an aggressive interaction with the same busboy in which the Executive Chef intentionally elbowed the busboy after the busboy accidentally bumped into him.

18. The busboy complained to Human Resources about the Executive Chef's action toward him.

19. The Executive Chef had received multiple writeups and a suspension prior to that event, but the Executive Chef was not punished for striking the busboy.

20. The Executive Chef was a male.

21. Ms. Hunter was treated differently because she was a female who was employed in a management position.

22. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

23. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Hunter has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

24. Ms. Hunter realleges and incorporates herein the allegations contained in Paragraphs 1 – 23.

25. Defendant's actions alleged herein constitute discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*.

26. Ms. Hunter's sex was a motivating factor in Defendant's treatment of her.

27. Defendant's actions on the basis of Ms. Hunter's sex were willful and knowingly committed.

28. As a direct and proximate result of Defendant's adverse treatment of Ms. Hunter in violation of Title VII of the Civil Rights Act of 1964, Ms. Hunter was injured and suffered damages.

29. Ms. Hunter has sustained a loss of back pay, benefits, incidental expenses, and front pay.

30. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Hunter's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### SEX DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

31. Ms. Hunter realleges and incorporates herein the allegations contained in Paragraphs 1 – 30.

32. Defendant's conduct constitutes illegal discrimination on the basis of sex in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

33. As a result of Defendant's conduct, Ms. Hunter was injured and suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That the Court award Plaintiff judgment for damages of the lost compensation she has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Defendant be ordered to pay punitive damages pursuant to Count I in an amount to be determined at trial;

6. That the Court award Plaintiff additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial pursuant to Counts I – II;

8. That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Ky. Rev. Stat. § 344.450;

9. That costs and discretionary costs be taxed against Defendant;

10. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

11. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12. For such other and further relief as the Court may find appropriate.

                                                   Respectfully Submitted,

                                                   _s/ D. Wes Sullenger_
                                                   D. Wes Sullenger, KY BAR # 91861
                                                              TN BPR # 021714
                                                               IL ARDC # 6322019

                                                 Sullenger Law Office, PLLC
                                                 2508 Jackson Street
                                                 Paducah, KY  42003
                                                 Voice: (270) 443-9401
                                                 Fax:    (270) 596-1082

                                               wes@sullengerfirm.com

                                             *Attorney for the Plaintiff,*
                                             *Jenna Hunter*